Howard Marc Spector
TBA #00785023
Nathan M. Johnson
TBA #00787779
SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380

ATTORNEY FOR PETITIONING CREDITORS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HENRY S. MILLER | § | |
| COMMERCIAL, LLC | § | CASE NO. 09-34422-SGJ-7 |
| | § | |
| ALLEGED DEBTOR. | § | |

**PETITIONING CREDITORS' (I) OBJECTION TO
HENRY S. MILLER COMMERCIAL, LLC'S
MOTION TO DISMISS INVOLUNTARY PETITION AND (II)
MOTION TO STRIKE PORTIONS OF MOTION TO DISMISS**

TO THE HONORABLE STACEY G. JERNIGAN
UNITED STATES BANKRUPTCY JUDGE:

COME NOW, BNC Lake Jackson Village, L.P., Dallas Clubview Gardens, L.P., and Woodside Apartments, L.P. (the "Petitioning Creditors") and file this Objection to Henry S. Miller Commercial, LLC's ("Alleged Debtor") Motion to Dismiss Involuntary Petition ("Motion to Dismiss") and Motion to Strike Portions of Motion to Dismiss. Subject to the Motion to Strike contained herein, the Petitioning Creditors state:

A. <u>Responses to Motion to Dismiss</u>

1. The Petitioning Creditors are without knowledge sufficient to admit or deny the allegations contained in Paragraph 1 of the Motion to Dismiss.

2. The Petitioning Creditors deny the allegations contained in the first sentence of Paragraph 2 of the Motion to Dismiss. The Petitioning Creditors admit the allegations contained in the second sentence of Paragraph 2 of the Motion to Dismiss. The Petitioning Creditors deny the allegations contained in the third sentence of Paragraph 2 of the Motion to Dismiss.

3. The Petitioning Creditors are without knowledge sufficient to admit or deny the allegations contained in Paragraph 3 of the Motion to Dismiss.

4. The Petitioning Creditors admit the allegations contained in the first and second sentences of Paragraph 4 of the Motion to Dismiss, except that Petitioning Creditors deny that the Petitioning Creditors can be regarded as a single entity controlled by Nussbaum. The Petitioning Creditors deny the allegations contained in the third sentence of Paragraph 4 of the Motion to Dismiss. The Petitioning Creditors admit the allegations contained in the fourth sentence of Paragraph 4 of the Motion to Dismiss.

5. The Petitioning Creditors admit the allegations contained in the first and second sentences of Paragraph 5 of the Motion to Dismiss except that the broker referred to in the first sentence of Paragraph 5 was a broker for the holders of the Judgment (defined below), not Nussbaum. The Petitioning Creditors are without knowledge sufficient to admit or deny the allegations contained in the third sentence of Paragraph 5 of the Motion to Dismiss. The Petitioning Creditors admit the allegations contained in the fourth through seventh sentences of Paragraph 5 of the Motion to Dismiss.

6. The Petitioning Creditors admit the allegations contained in the first sentence of Paragraph 6 of the Motion to Dismiss. The Petitioning Creditors deny the allegations contained in the second and third sentences of Paragraph 6 of the Motion to Dismiss.

7. The Petitioning Creditors admit the allegations contained in Paragraph 7 of the Motion to Dismiss except that it was not the Nussbaum Companies which entered into the purchase and sale agreements; rather it was the holders of the Judgment.

8. The Petitioning Creditors admit the allegations contained in Paragraph 8 of the Motion to Dismiss.

9. The Petitioning Creditors admit the allegations contained in the first and second sentences of Paragraph 9 of the Motion to Dismiss except with respect to the allegation that closing was postponed for a myriad of reasons, which is denied. The Petitioning Creditors deny the allegations contained in the third sentence of Paragraph 9 of the Motion to Dismiss. The Petitioning Creditors admit the allegations contained in the fourth, fifth and sixth sentences of Paragraph 9 of the Motion to Dismiss.

10. The Petitioning Creditors deny the allegations contained in Paragraph 10 of the Motion to Dismiss.

11. The Petitioning Creditors admit the allegations contained in Paragraph 11 of the Motion to Dismiss except the Petitioning Creditors deny that such a thing as the "Nussbaum Companies" exists.

12. The Petitioning Creditors admit the allegations contained in Paragraph 12 of the Motion to Dismiss.

13. The Petitioning Creditors deny the allegations contained in the first and second sentences of Paragraph 13 of the Motion to Dismiss. The Petitioning Creditors deny the allegations contained in the third sentence of Paragraph 13 of the Motion to Dismiss.

14. The Petitioning Creditors admit the allegations contained in Paragraph 14 of the Motion to Dismiss except with respect to the allegations contained in the second sentence that the record owner of three properties are Nussbaum's companies, which is denied.

15. The Petitioning Creditors deny the allegations contained in Paragraph 15 of the Motion to Dismiss.

16. The Petitioning Creditors admit the allegations contained in Paragraph 16 of the Motion to Dismiss, except the last sentence in Paragraph 16 which is denied.

17. The Petitioning Creditors admit the allegations contained in Paragraph 17 of the Motion to Dismiss.

18. The Petitioning Creditors admit the allegations contained in Paragraph 18 of the Motion to Dismiss.

19. The Petitioning Creditors deny the allegations contained in Paragraph 19 of the Motion to Dismiss.

20. The Petitioning Creditors deny the allegations contained in Paragraph 20 of the Motion to Dismiss.

21. The Petitioning Creditors deny the allegations contained in Paragraph 21 of the Motion to Dismiss.

22. The Petitioning Creditors deny the allegations contained in Paragraph 22 of the Motion to Dismiss.

23. The Petitioning Creditors deny the allegations contained in Paragraph 23 of the Motion to Dismiss.

24. The Petitioning Creditors deny the allegations contained in Paragraph 24 of the Motion to Dismiss.

25. The Petitioning Creditors deny the allegations contained in Paragraph 25 of the Motion to Dismiss.

26. The Petitioning Creditors deny the allegations contained in Paragraph 26 of the Motion to Dismiss.

27. The Petitioning Creditors deny the allegations contained in Paragraph 27 of the Motion to Dismiss.

28. The Petitioning Creditors admit the allegations contained in Paragraph 28 of the Motion to Dismiss.

29. The Petitioning Creditors deny the allegations contained in Paragraph 29 of the Motion to Dismiss.

30. Paragraphs 30 – 32 do not make allegations of fact and therefore do not require that Petitioning Creditors admit or deny same.

B.  Motion to Strike

31. Paragraphs 20 – 24 of the Motion to Dismiss assert claims which are barred by the doctrine of collateral estoppel. Specifically, the Petitioning Creditors are holders of a final judgment (the "Judgment") against the Alleged Debtor, a true and correct copy of which is attached hereto as Exhibit "A." Because of the entry of the Judgment, the Alleged Debtor is collaterally estopped from contending that (i) there are not three or more entities, each of which are holders of valid, legitimate, separate claim against the Alleged Debtor; (ii) Petitioning Creditors are merely special purpose entities formed by Nussbaum for the purpose of purchasing, rehabilitating and then selling properties; (iii) Petitioning Creditors are merely instruments used by Nussbaum or one parent entity in carrying out his personal business model with different properties; (iv) Petitioning Creditors are either alter egos of Nussbaum or one parent entity or

under such control by Nussbaum that they should be treated as one entity for analysis under section 303(b); (v) the alleged fraud and misrepresentation were as to the entity of the deal and the events surrounding it; (vi) the division of the Petitioning Creditors into three entities, for the "three creditors" determination, is artificial and should therefore be ignored; and (vii) the Judgment should be viewed as a single claim, inadequate to satisfy the jurisdictional requirements of section 303(b).

32. Paragraphs 20 – 24 of the Motion to Dismiss assert claims which are barred by the *Rooker-Feldman* doctrine. Because of the entry of the Judgment, the Alleged Debtor is not permitted to have this Court review whether (i) there are not three or more entities, each of which are holders of valid, legitimate, separate claim against the Alleged Debtor; (ii) Petitioning Creditors are merely special purpose entities formed by Nussbaum for the purpose of purchasing, rehabilitating and then selling properties; (iii) Petitioning Creditors are merely instruments used by Nussbaum or one parent entity in carrying out his personal business model with different properties; (iv) Petitioning Creditors are either alter egos of Nussbaum or one parent entity or under such control by Nussbaum that they should be treated as one entity for analysis under section 303(b); (v) the alleged fraud and misrepresentation were as to the entity of the deal and the events surrounding it; (vi) the division of the Petitioning Creditors into three entities, for the "three creditors" determination, is artificial and should therefore be ignored; and (vii) the Judgment should be viewed as a single claim, inadequate to satisfy the jurisdictional requirements of section 303(b).

33. Paragraphs 20 – 24 of the Motion to Dismiss assert claims which the Alleged Debtor lacks standing to assert since the Alleged Debtor is not, itself, a creditor of the Petitioning Creditors.

34. Paragraph 25 of the Motion to Dismiss also asserts claims which are barred by the doctrine of collateral estoppel. Because the Petitioning Creditors are holders of the Judgment against the Alleged Debtor, the Alleged Debtor is collaterally estopped from contending that (i) the Judgment is contingent as to liability; (ii) the Judgment is subject to a bona fide dispute as to liability and/or amount; and (iii) the Alleged Debtor contests the findings of the court which rendered the Judgment.

35. Paragraph 25 of the Motion to Dismiss also asserts claims which are barred by the *Rooker-Feldman* doctrine. Because the Petitioning Creditors are holders of the Judgment against the Alleged Debtor, the Alleged Debtor cannot seek to have this Court review whether (i) the Judgment is contingent as to liability; (ii) the Judgment is subject to a bona fide dispute as to liability and/or amount; and (iii) the Alleged Debtor contests the findings of the court which rendered the Judgment.

36. Because paragraphs 20 through 25 of the Motion to Dismiss allege facts and raise claims that this Court is barred from considering, such portions of the Motion to Dismiss should be stricken, and trial should proceed only on the balance of the defenses raised in the Motion to Dismiss.

37. Petitioning Creditors reserve the right to file a brief in support of its Motion to Strike.

Dated: August 17, 2009.

Respectfully submitted,

By:    */s/ Howard Marc Spector*
       Howard Marc Spector
       TBA #00785023
       Nathan M. Johnson
       TBA #00787779

SPECTOR & JOHNSON, PLLC
Banner Place, Suite 1100
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380

COUNSEL FOR
PETITIONING CREDITORS

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing pleading was served via electronic means to who receive electronic notification in this case on the 17th day of August, 2009.

       /s/ Howard Marc Spector
       Howard Marc Spector