

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Stacey G.C. Jernigan*
**United States Bankruptcy Judge**

**Signed July 13, 2010**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| HENRY S. MILLER | § | Case No. 09-34422-SGJ-11 |
| COMMERCIAL, LLC, | § | |
| | § | |
| Debtor. | § | |

### ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

On June 30, 2010, the Court conducted a hearing to consider confirmation of the Debtor's Plan of Reorganization, dated June 25, 2010 (as stated and/or modified on the record at the hearing, the "Plan"). After considering the evidence presented by the Debtor, and after reviewing the Plan, as modified, and offered into evidence at the hearing, and other pleadings on file, pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure, the Court stated orally and recorded in open court its findings of fact and conclusions of law. Based upon such findings of fact and conclusions of law, which are incorporated herein by reference, the Court finds and concludes that this Order has merit and the Plan should be confirmed.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. The Plan is **CONFIRMED** in accordance with section 1129 of the Bankruptcy Code. Undefined capitalized terms in this Order shall have the meanings set forth in the Plan.

2. Except as expressly noted otherwise herein, all motions and requests for relief under the Plan and all terms and conditions set forth in the Plan, including, without limitation, the discharges, releases, injunctions, and exculpation provisions contained in the Plan or set forth herein, and the treatment afforded to each Plan Class are approved, regardless of whether such plan provisions are expressly restated herein.

3. Sufficient and proper notice of the Plan, the hearing to consider confirmation thereof, and the deadlines for voting and filing and serving objections to the Plan was appropriately and timely provided by the Debtor to all known holders of Claims and Interests. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L).

4. This matter arises under title 11, and jurisdiction and authority is vested in this Court to enter a final order by virtue of 28 U.S.C. § 1334(a) and (b), 28 U.S.C. §§ 151, 157(a) and (b)(1) and the Standing Order of Reference in this District. These findings of fact and conclusions of law are being entered under Bankruptcy Rules 7052 and 9014.

5. No objections to the Plan have been filed or received.

6. The Plan complies with all of the applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) thereof.

7. The Plan designates appropriately, in conformance with section 1122 of the Bankruptcy Code, Classes of Claims and Interests, except Claims of a kind specified in sections 507(a)(2), 507(a)(3), and 507(a)(8) of the Bankruptcy Code.

8. The Debtor was legally entitled to invoke the protections of the Bankruptcy Code and filed and prosecuted its case in good faith. The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) thereof.

9. The votes with respect to the Plan were set forth in the various confirmation exhibits and are incorporated and adopted herein by reference.

10. The Plan:

   a. specifies every Class of Claims or Interests that is not impaired under the Plan;

   b. specifies the treatment of any Class of Claims or Interests that is impaired under the Plan;

   c. provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest;

   d. provides adequate means for the Plan's implementation;

   e. contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer or director under the Plan and any successor to such officer or director; and

   f. does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims or Interests that is impaired under the Plan.

11. The Plan has been proposed in good faith and not by any means forbidden by law as required by section 1129(a)(3) of the Bankruptcy Code, and the Debtor, and its officers, directors, members, employees, professionals, and Representatives are entitled to the benefits of section 1125(e) of the Bankruptcy Code.

12. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and

incident to the Bankruptcy Case, has been or will be disclosed and has been or will be approved by the Court as reasonable under the terms of the Plan to the extent required by the Plan and section 1129(a)(4) of the Bankruptcy Code.

13. The Debtor has disclosed the identity and affiliations of the individuals who will serve, after confirmation of the Plan, as directors and officers of the Debtor. The continuance or appointment of such individuals as directors and to such offices is consistent with the interests of holders of Claims and Interests and with public policy. The Debtor has disclosed the identity of any insider that will be employed or retained by the Debtor and, to the extent so identified, the nature of any compensation for such insider, all as required by section 1129(a)(5).

14. The provisions of section 1129(a)(6) of the Bankruptcy Code are not applicable to the Debtor or the Plan.

15. Each non-accepting holder of a Claim or equity Interest of each such Class will receive or retain under the Plan, on account of such Claim or equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date, all as required by section 1129(a)(7)(A) thereof.

16. Classes 1.1, 1.2, 2, 3.1, 3.2, and 3.3 are impaired and were entitled to vote to accept or reject the Plan. Classes 4 and 5 are not receiving or retaining any property under the Plan, and those claims are deemed to have rejected the Plan and are not entitled to vote. No Class 1.1 Secured Tax Claims or Class 1.2 Secured Non-Tax Claim of Henry S. Miller Realty Services, Inc. voted to accept or reject the Plan. Class 2 Priority Unsecured Claims voted to accept the Plan. Classes 3.1 General Unsecured Broker Claims, 3.2 General Unsecured Litigation Claims

Subject to Appeal, and 3.3 Other General Unsecured Claims voted to accept the Plan. The Court finds, determines, and concludes that, as set forth herein, the Plan complies with all applicable requirements of section 1129(a) including subparagraph (8) thereof, and nevertheless does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims and Interests that is impaired under, and has not accepted, the Plan, and is properly confirmable otherwise under section 1129(b)(1).

17.    Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, and except to the extent that such Claims have been previously paid pursuant to a prior order of this Court, and noting that any objections to the Plan on the treatment set forth therein have been withdrawn or overruled, the Plan provides, as required by section 1129(a)(9) of the Bankruptcy Code, for proper treatment of all Claims of a kind specified in section 507(a)(8) of the Bankruptcy Code.

18.    All Classes of Claims impaired by the Plan that voted have voted to accept the Plan, not including votes by insiders, and the Plan has satisfied the requirements of section 1129(a)(10) of the Bankruptcy Code.

19.    The Court finds that the Plan is feasible. Confirmation and consummation of the Plan is not likely to be followed by a subsequent liquidation, or the need for further financial reorganization, of the Debtor or any successor of the Debtor under the Plan. Accordingly, the Plan complies with section 1129(a)(11) of the Bankruptcy Code. The structure of the Plan and mechanisms for implementation of the Plan are reasonable and appropriate. The evidence reflected that the Debtor will be able to pay all Administrative Claims as required by the Plan.

20.    All fees payable to date under 28 U.S.C. § 1930 have been paid or shall be paid,

and the Plan provides for the payment of all such fees by the Debtor on the Effective Date as required by section 1129(a)(12) of the Bankruptcy Code.

21. As required by section 1129(a)(13) of the Bankruptcy Code, the Plan provides that any and all retiree benefits, if any, shall be continued after the Effective Date for the period the Debtor has obligated itself to provide such benefits.

22. Sections 1129(a)(14)-(15) of the Bankruptcy Code do not apply to the Debtor or the Plan, and the Plan otherwise comports with section 1129(a)(16) of the Bankruptcy Code.

23. To the extent necessary to approve, implement, confirm, and enforce the discharges, injunctions, and exculpations set forth in the Plan and in this Order, the Court specifically finds, determines, and concludes that it has jurisdiction to enter this Order and all provisions herein pursuant to 28 U.S.C. §§ 157 and 1334(b), and that this Court has the authority to enter this Order and all provisions herein pursuant to sections 105(a) and 1123(b)(6) of the Bankruptcy Code. The Court further finds, determines, and concludes that the releases and exculpations set forth in the Plan and in this Order are necessary and appropriate because the enjoined third-party actions would have an adverse impact on the Debtor's ability to fulfill the terms of the Plan.

24. Without in any way limiting the scope of this Order or the Plan, this Order constitutes a discharge, injunction, and/or release as set forth below:

> A. **Injunctions**. This Order constitutes and hereby provides for an injunction by the Bankruptcy Court as of the Effective Date and includes an absolute prohibition from collecting Claims in any manner other than as provided for in the Plan, and such releases, discharges, and injunctions in favor of the Debtor's and the Reorganized Debtor's present or former Representatives include any and all claims against the Debtor's present and former members, managers, affiliates, insiders, contractors and prepetition lenders. Additionally, such injunctions include an absolute prohibition against the Judgment Creditors, and/or any of their respective principals, agents, representatives, transferees, assigns, or attorneys,

including Stanley, from ever commencing an involuntary bankruptcy proceeding under the Bankruptcy Code against the Reorganized Debtor, its parent, or any of the Debtor's or Reorganized Debtor's present or former Representatives, present and former members, managers, affiliates, insiders or contractors, or seek to convert the Debtor's Bankruptcy Case to Chapter 7 or seek to modify the Plan.

B. **Injunction Regarding Claims Against the Debtor**. From and after the Confirmation Date, all persons or entities that hold, have held, or may hold Claims against or Interests in the Debtor, except as may be expressly stated otherwise herein with respect to the Judgment Creditors, are permanently restrained and enjoined from, directly or indirectly:

(a) Commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Reorganized Debtor, or Assets of the Debtor to collect or recover any property on account of any such Claim or Interest;

(b) Enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order to collect or recover any property on account of any such Claim or Interest against the Debtor or the Reorganized Debtor, or Assets of the Debtor;

(c) Creating, perfecting, or enforcing any Lien or encumbrance of any kind against the Debtor or the Reorganized Debtor, or the Assets of the Debtor;

(d) Asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due the Debtor or the Reorganized Debtor, or the Assets of the Debtor, except as otherwise allowed by the Bankruptcy Court or Bankruptcy Code;

(e) Commencing or continuing any action against the Debtor or the Reorganized Debtor, or the Assets of the Debtor in any manner or forum in respect of such Claim or Interest that does not conform to or comply with or that is inconsistent with the Plan; and

(f) Taking any action to interfere with the implementation or consummation of the Plan.

Notwithstanding the foregoing, however, nothing herein shall prohibit any holder of a Claim or Interest from prosecuting a proof of Claim or Interest in the Bankruptcy Case or from enforcing such holder's rights under the Plan.

C. **Term of Injunction or Stay**. Unless otherwise provided, all injunctions or stays provided for in the Bankruptcy Case pursuant to sections 105 or 362 of the Bankruptcy Code in effect on the Confirmation Date shall remain in full force

and effect until the Effective Date.

D.  **Responsible Party Injunction**.  This Order constitutes and hereby provides for an injunction by the Bankruptcy Court as of the Effective Date and includes an absolute prohibition against any holder of a Claim, Contested Claim, Allowed Claim, Allowed Secured Claim, Priority Tax Claim, or any other tax Claim from commencing or continuing any action or proceeding against any Representative, affiliate, responsible person, or officer or member of the Debtor for payment of a Claim, except as expressly reserved in the Plan, (including but not limited to any trust fund liabilities, constructive trusts, statutory trusts, civil or criminal fines, tax penalties, interest or base tax liability, restitution payments, or liabilities arising from contribution, subrogation, warranty, indemnification, or guarantee agreements) as long as the respective creditor receives the full payment on its Claims to which it is entitled under the Plan.  The injunctions provided within this paragraph shall not constitute releases of the Representatives from liability that may exist on any unpaid sales or withholding taxes for which any Representative may be responsible or constitute a release in the event that the respective creditor does not receive the full payment on its Claims to which it is entitled under the Plan.

E.  **Exculpation and Release**.  Neither the Debtor nor the Representatives shall have or incur any liability to any holder of a Claim or Interest for any act, event, or omission from the Petition Date through the Effective Date in connection with, or arising out of, the Bankruptcy Case, the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence.  As of the Effective Date, each employee, officer, and member of the Debtor who served in such capacity from and after the Petition Date, the Debtor, and the Representatives shall be deemed to be released from all Claims, demands, and suit, known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted, which may be held or asserted by the Debtor, the Reorganized Debtor, or any current or former holder of a Claim or Interest regarding or related to the Debtor or the Debtor's business operations from the Petition Date through the Effective Date, other than the obligations under the Plan.

F.  **Lawsuits**.  Upon entry of the Confirmation Order, all lawsuits, litigation, administrative, police, or regulatory actions, or other proceedings, judicial or administrative, in connection with the assertion of a Claim or Lien against the Debtor or the Representatives or property of the Debtor's estate, except as may be expressly stated otherwise herein with respect to the Judgment Creditors, shall be subject to the discharge and any other injunctions set forth in the Bankruptcy Code or the Court's Confirmation Order.  Such discharge injunctions shall be with prejudice to the assertion of such Claim or Lien in any manner other than as prescribed by the Plan.  All parties to any such action shall be enjoined by the Bankruptcy Court in the Confirmation Order from taking any action in violation of

the Bankruptcy Code or the Confirmation Order. All lawsuits, litigation, administrative, police, or regulatory actions, or any other proceedings, judicial or administrative, in connection with the assertion of any Claims by the Debtor shall become property for the Reorganized Debtor to prosecute, settle, or dismiss as the Reorganized Debtor sees fit, subject to the express terms of this Plan.

G.    Notwithstanding anything to the contrary herein, the Judgment Creditors are excepted from the scope of the injunctions and releases set forth in paragraphs 24(A), (B), (C), (D), (E) and (F) of this Order, to the extent and under the conditions set forth in the Plan . Notwithstanding the foregoing, the Judgment Creditors, are hereby enjoined from commencing or continuing any action or proceeding against any representative, affiliate, responsible person, or officer or member of the Debtor for payment of a Claim, except as expressly permitted in the Plan, (including but not limited to any trust fund liabilities, constructive trusts, statutory trusts, civil or criminal fines, tax penalties, interest or base tax liability, restitution payments, or liabilities arising from contribution, subrogation, warranty, indemnification, or guarantee agreements).

25.    Notwithstanding anything in the Plan or in this Order, the Claims of the Judgment Creditors shall be not discharged in accordance with Section 1141 of the Bankruptcy Code. The rights to payment of the Judgment Creditors' Claims in accordance with Section 4.3(b) of the Plan shall constitute accord and satisfaction of such Claims.

26.    For such time as the Reorganized Debtor is not in breach of its warranty and covenant to use best efforts and all reasonable means to pursue the claims in the Diamond State Litigation, the Judgment Creditors are temporarily enjoined from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor, the Reorganized Debtor, or any of the Debtor's Representatives, members, managers, affiliates, insiders, or contractors or any of their Assets to collect or recover any property on account of any such Claim; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order to collect or recover any property on account of any such Claim against the Debtor, the Reorganized Debtor, or any of the Debtor's Representatives, members, managers, affiliates, insiders, or contractors or any of their Assets; (c) creating, perfecting, or enforcing any

Lien or encumbrance of any kind against the Debtor, the Reorganized Debtor, or any of the Debtor's Representatives, members, managers, affiliates, insiders, or contractors or any of their Assets; (d) commencing or continuing any action against the Debtor, the Reorganized Debtor, or any of the Debtor's Representatives, members, managers, affiliates, insiders, or contractors or any of their Assets in any manner or forum in respect of such Claim that does not conform to or comply with or that is inconsistent with the Plan; and (e) prosecuting any of the claims listed in the Plan, other than those asserted by the Judgment Creditors in the Diamond State Litigation.  At the time of the entry of the Final Order in the Diamond State Litigation, and provided that Reorganized Debtor has not breached its warranty and covenant to use best efforts and all reasonable means to pursue the claims in the Diamond State Litigation, the temporary injunction provided herein shall become a permanent injunction.

27. Pursuant to the Plan and sections 105(a) and 1123(a)(5)(B) of the Bankruptcy Code, the transfer and vesting of property of the estate (the "Estate Assets") to the Reorganized Debtor is authorized and approved, and the Reorganized Debtor is authorized, empowered, and ordered to receive all rights, title, and interests in and to the Estate Assets free and clear of all liens, Claims, interests, encumbrances, and charges of the creditors and holders of equity security Interests of the Debtor in accordance with the terms and conditions of the Plan.

28. The Reorganized Debtor is authorized and empowered to take such actions and do all things and to incur all reasonable costs and expenses as may be necessary and required to implement and effectuate the Plan and the transfer to the Reorganized Debtor of the Estate Assets, including authority to issue, execute, deliver, file, and record, as appropriate, any instrument, or perform any act necessary to implement, effectuate, or consummate the Plan or this

Order, and to perform such other acts and execute and deliver such other documents as are required by, consistent with and necessary or appropriate to implement, effectuate, or consummate the Plan and this Order and the transactions contemplated thereby and hereby, and, except as otherwise required by the Plan, the forgoing actions may be taken without the requirement of further application to, or order of, the Court or further action by the Debtor or the Reorganized Debtor.

29. In accordance with section 1141 of the Bankruptcy Code, (i) the Plan and each of its provisions, (ii) all documents executed in connection with and pursuant to the terms of the Plan, and (iii) this Order shall be binding upon the Debtor, upon each person or entity acquiring or receiving property under the Plan, upon each lessor or lessee of property to or from the Debtor, upon each holder of a Claim or Lien against, or equity security Interest in, the Debtor, whether or not the Claim, Lien, or Interest of such creditor or Interest holder is impaired under the Plan and whether or not such creditor or equity Interest holder has filed, or is deemed to have filed, a proof of Claim or equity Interest, and upon each party to the Bankruptcy Case, and irrespective of whether such provision of the Plan is specifically mentioned or otherwise referred to in this Order.

30. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, and all other instruments and other documents executed and delivered pursuant to the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition.

31. The Debtor and the Reorganized Debtor shall have the right, to the full extent permitted by section 1142 of the Bankruptcy Code, to apply to this Court for an order, notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to

financial condition, directing any appropriate entity to execute and deliver an instrument or perform any other act necessary to implement the Plan or the provisions of this Order.

32. Subject to the limitations in the Plan, the Reorganized Debtor shall retain and may demand, enforce, and litigate any Estate Actions, Claims, rights, and causes of action that the Debtor or its estate may hold against any person or entity, including, without limitation, (i) any Estate Actions, Claims, rights, or causes of action arising under chapter 5 or other provisions of the Bankruptcy Code or any other provisions of federal or state law, or any other statute or legal theory, and (ii) any Claims arising by statute or at law or equity against any current or former officer, director, shareholder, agent, Representative, or employee of the Debtor. No Claims of the Debtor against any person or entity shall be discharged, released, or compromised pursuant to the Plan or this Order except to the extent provided for in the Plan and all other instruments and documents executed and delivered pursuant to the Plan.

33. The Debtor's rejection of its various executory Contracts as stated within Section 13.1 of the Plan is approved pursuant to section 365 of the Bankruptcy Code and is done with proper exercise of the Debtor's business judgment and is in the best interests of the estate. Any Claims arising out of the rejection of executory Contracts pursuant to Section 13.1 or other provision of the Plan must be filed with the Court and served upon the Debtor no later than thirty (30) days after the Effective Date; provided, however, that this provision shall not serve to extend any deadline previously established by the Bankruptcy Court for filing Claims arising from rejection of an executory Contract or other Claim. Any Claims not filed within such time shall be and are forever barred and will not receive any distributions under the Plan. Claims arising from the rejection of an executory Contract shall be treated, to the extent Allowed, as Class 3.3 Other

General Unsecured Claims.

34. The Debtor's assumption of its executory Contracts as stated within Section 13.1 of the Plan is approved pursuant to section 365 of the Bankruptcy Code and is done with proper exercise of the Debtor's business judgment and is in the best interests of the estate. Confirmation of the Plan by this Order shall be deemed (i) adequate assurance of prompt cure of any default under such Contracts solely based upon the Reorganized Debtor's obligations in the Plan to make the Cure Payments, if any, and (ii) adequate assurance of future performance under such Contracts.

35. All requests for payment of Administrative Claims, other than Fee Claims as set forth in this paragraph or Administrative Claims to the extent incurred by the Debtor in the ordinary course of business and recorded in the Debtor's books and records, shall be filed with the Bankruptcy Court and served upon the Debtor and other notice parties within thirty (30) days following the Effective Date or by such earlier deadline as may apply to such Administrative Claim pursuant to an earlier order of the Court, if any. All requests for Fee Claims of Professional Persons shall be filed with the Bankruptcy Court and served upon the Debtor and other notice parties within sixty (60) days following the Effective Date. Except as provided herein or in the Plan, any Administrative Claim or Fee Claim for which an application or request for payment is not filed within such time period shall be discharged and forever barred.

36. After the Confirmation Date, the Debtor or the Reorganized Debtor, as the case may be, may, subject to Court approval after notice and a hearing, and so long as it does not materially or adversely affect the rights set forth in the Plan of creditors and other parties-in-interest, amend or modify the Plan and related documents to remedy any defect or omission or

reconcile any inconsistencies in such documents or in this Order, in such manner that may be necessary to carry out the purposes and intent of the Plan.

37. This Order shall be effective according to its terms upon the entry hereof. This Order is a final Order immediately subject to appeal.

38. The Court shall retain full jurisdiction of these Bankruptcy Case until entry of a Final Decree, at which time the Court shall retain jurisdiction over these Bankruptcy Case as permitted by law.

39. Pursuant to Bankruptcy Rule 3020(c), the Debtor shall, within two (2) business days after the entry of this Order, serve notice of the entry of this Order as provided in Bankruptcy Rule 2002(f) to all persons and entities required in Rules 2002 and 3020(c)(2) of the Federal Rules of Bankruptcy Procedure.

40. In the event and to the extent that any provision of this Order conflicts with any provision of the Plan, the provisions of this Order shall control.

### End of Order ###

Respectfully submitted by:

*/s/ Stephanie D. Curtis*
Stephanie D. Curtis
Texas State Bar No. 05286800
Mark A. Castillo
Texas State Bar No. 24027795
The Curtis Law Firm, PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile:  214.752.0709

COUNSEL FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION


*/s/ Howard M. Spector*
Howard Marc Spector

**Order Confirming Debtor's Plan of Reorganization**                                                                 **Page 14 of 14**

Spector & Johnson,PLLC

COUNSEL FOR THE
JUDGMENT CREDITORS